[Cite as *State v. Bloodworth*, 2017-Ohio-9122.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| PHILLIP BLOODWORTH | : | Case No. 17CA17 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:                Appeal from the Richland County
                                        Court of Common Pleas, Case No.
                                        2016 CR 0159

JUDGMENT:                               Affirmed

DATE OF JUDGMENT:                       December 19, 2017

APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

GARY BISHOP                             BYRON CORLEY
Prosecuting Attorney                    28 Park Avenue, West, Suite 1002
Richland County, Ohio                   Mansfield, Ohio 44902

By: JOSEPH C. SNYDER
Assistant Prosecuting Attorney
38 South Park Street
Mansfield, Ohio 44902

*Baldwin, J.*

{¶1} Defendant-appellant Phillip Bloodworth appeals his conviction and sentence from the Richland County Court of Common Pleas on two counts of assault on a corrections officer. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On March 14, 2016, the Richland County Grand Jury indicted appellant on two counts of assault on a corrections officer in violation of R.C. 2903.13(A) & (C)(3), felonies of the third degree. At his arraignment on April 7, 2016, appellant entered a plea of not guilty to the charges.

{¶3} Subsequently, a jury trial commenced on January 30, 2017. Appellant represented himself at trial with assistance from counsel. The following testimony was adduced at trial.

{¶4} Ohio State Highway Patrol Trooper Bryan Butler testified that he investigates crimes that occur on state property. He testified that he received an incident report relating to an incident that occurred on June 21, 2015 at Mansfield Correctional Institution involving appellant. The report indicated that appellant had assaulted two corrections officers during dinner time while the inmates were getting food. Trooper Butler testified that he spoke with appellant and the two officers. He testified that appellant had no injuries.

{¶5} Officer Jamie Vilfer, a correctional officer at the prison, testified that the prison chow line allows only one inmate at a time to get his food because "[i]t's extremely close quarters." Trial Transcript, Volume III at 168. He testified that on June 21, 2015, he was standing next to Officer Joseph Sutton, who was checking names off of his clipboard,

and appellant had just come in and received his tray. According to Officer Vilfer, appellant exited the area and the next inmates went through the chow line. Appellant then came back in with his tray in his hand and told the Officers that he had not received his brownie. Officer Vilfer testified that all trays were checked physically by Officer Sutton to ensure tray compliance. Officer Vilfer further testified that he told appellant that he had already received his tray and appellant was still chewing the brownie.

{¶6} According to Officer Vilfer, appellant then shoved his tray in the window and demanded another brownie. He testified that Officer Sutton then went to place his open hand on appellant's shoulder to pat appellant, who was totally ignoring the Officers, and that appellant turned and struck Officer Sutton three times in his face with both fists. The Officer testified that Officer Sutton was hit in the eye and then twice more in the back of the head.

{¶7} Officer Vilfer testified that he then deployed OC, a chemical agent that causes burning to the eyes and irritation to the lungs and lining of the nose, to get appellant to stop resisting. Appellant then started running down a hall and physically ran into the rec door. There was testimony that appellant then picked up a chair and threw it at the two Officers. While Officer Vilfer was hit in the shoulder and the arm, Officer Sutton was hit in the head. According to Officer Vilfer, he then tried to grab appellant around the waist so that he could get him onto the floor and place him in cuffs. Appellant did not comply with repeated orders to stop fighting. After appellant broke free of Officer Vilfer's grasp, Officer Sutton gained physical control of appellant and took him to the ground.

{¶8} Because there were no video cameras in the hallway, there was no video of Officer Sutton getting punched. Officer Vilfer testified that he had no injuries relating to the incident but had soreness, bruising and redness.

{¶9} At the trial, Officer Joseph Sutton testified that appellant came through the chow hall line with a mouthful of food demanding cake on his tray and ignored Officer Vilfer's directives. He testified that he went to place his hand on appellant to gain compliance when appellant turned around and hit him multiple times in the facial area. Officer Sutton further testified that when appellant later threw the chair, it hit him in the head. Officer Sutton testified that both he and Officer Vilfer later went to see the nurse at the institution. The following testimony was adduced when he was asked to explain his injuries:

{¶10} A. I had a - - my face and the back of my head was swollen. I had what was starting to be a black eye under my right eye. The left side of my cheekbone was bruised. The left part of the back of my ear was swollen. The back of my head was swollen, the back part of my ear where the chair had hit me.

{¶11} Trial Transcript, Volume III at 207. He also had bruising above his kneecap.

{¶12} At the Rules Infraction Board hearing at the institution, appellant was found guilty of assault and other rules infractions. Appellant appealed the decision to the Warden's Office and the board's decision was upheld.

{¶13} At the conclusion of the evidence and the end of deliberations, the jury, on February 1, 2017, found appellant guilty of both counts. As memorialized in a Sentencing Entry filed on February 1, 2017, appellant was sentenced to an aggregate prison term of

72 months to be served consecutive to any other prison sentence that appellant was serving.

**{¶14}** Appellant now raises the following assignment of error on appeal:

**{¶15}** I. THERE WAS INSUFFICIENT EVIDENCE WITH WHICH TO CONVICT PHILLIP BLOODWORTH OF ASSAULT ON A CORRECTIONS OFFICER IN VIOLATION OF R.C. 2903.13(A)(C)(3).

I

**{¶16}** Appellant, in his sole assignment of error, argues that his conviction for two counts of assault on a corrections officer is not supported by sufficient evidence. We disagree.

**{¶17}** On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492 (1991). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

**{¶18}** Appellant, in the case sub judice, was convicted of two counts of assault on a corrections officer in violation of R.C. 2903.13(A) & (C)(3). R.C. 2903.13 states, in relevant part, as follows:

(A) No person shall knowingly cause or attempt to cause physical harm to another or to another's unborn…

(C)..

(3) If the offense occurs in or on the grounds of a state correctional institution or an institution of the department of youth services, the victim of the offense is an employee of the department of rehabilitation and correction or the department of youth services, and the offense is committed by a person incarcerated in the state correctional institution or by a person institutionalized in the department of youth services institution pursuant to a commitment to the department of youth services, assault is a felony of the third degree.

**{¶19}** There is no dispute that the offenses occurred on the grounds of a state correctional institution where appellant was an inmate or that the two victims were employed as corrections officers at the institution. Rather, appellant contends that there is no proof that he knowingly caused or attempted to cause physical harm to Officer Vilfer or Officer Sutton. While with respect to Officer Vilfer, appellant notes that the Officer never testified that appellant "knowingly" nicked him with the chair, with respect to Officer Sutton, appellant argues that it can reasonably be inferred that he was only resisting being handled by Officer Sutton and that "anything afterward was part and parcel of the resistance." Appellant emphasizes that there were no independent witnesses and that there was no video footage demonstrating the cause or beginning of the event.

**{¶20}** A person acts knowingly, regardless of purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. *State v. Miller,* 96 Ohio St.3d 384, 2002–Ohio–4931, 775 N.E. 2d 498 at ¶ 31. "'Probably' is defined as 'more likely than not' or a greater than fifty percent chance." *Miller v. Paulson*, 97 Ohio App.3d 217, 222, 646 N.E.2d 521(10th Dist.1994).

**{¶21}** At trial, both Officers testified that after appellant's request for a brownie was denied, appellant attacked Officer Sutton and later threw a chair at them when they attempted to restrain him. Both Officers were hit by the chair. There was testimony that appellant was told multiple times to stop and comply with directives from the Officers, but that he failed to do so. As noted by appellee, appellant's punches and chair throwing caused physical harm to both Officers. While Officer Vilfer had only minor injuries, Officer Sutton's injuries included a black eye and facial bruising.

**{¶22}** Based on the foregoing, we find that, viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime of assault proven beyond a reasonable doubt. There was testimony that appellant knowingly caused physical harm to both Officers.

**{¶23}** Appellant's sole assignment of error is, therefore, overruled.

{¶24}  Accordingly, the judgment of the Richland County Court of Common Pleas is affirmed.

By: Baldwin, J.

Gwin, P.J. and

John Wise, J. concur.